# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHING F. CHANG,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-17-0466-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: May 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ching F. Chang, Hercules, California, pro se.

Cary Elizabeth Zuk and Jacqueline J. Jackson, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency did not commit a procedural error in considering the appellant's prior discipline and that, even if it did, such an error would not have been harmful; to find that the appellant did not make a protected disclosure or engage in protected activity when she was involved with litigation with the Department of Justice (DOJ) and contacted the agency's Office of Professional Responsibility (OPR); to apply the Board's more recent standards for proving discrimination and retaliation claims; and to supplement the analysis of the contributing factor criterion as to the appellant's whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-8 Enforcement and Removal Assistant with the agency's U.S. Immigration and Customs Enforcement (ICE). Initial Appeal File (IAF), Tab 8 at 26. On August 29, 2016, the agency instructed the appellant to log in to the Electronic Questionnaires for Investigations Processing (e-QIP) system to complete the necessary information to facilitate her reinvestigation. IAF, Tab 9 at 134-42. The appellant did not do so and instead questioned why she was required to be reinvestigated or to complete the information. *Id.* at 134-35, 138-41. On September 12, 2016, the appellant's

second-level supervisor instructed her to log in to e-QIP to complete the required information by close of business on that day. *Id.* at 129-130. The appellant did not complete the necessary information at that time. *Id.* at 60-61, 127-29. In response, on September 30, 2016, the Deputy Field Office Director issued the appellant an official Letter of Reprimand for her "willful refusal to comply with instructions of a supervisor or other management officials." IAF, Tab 9 at 38-41. The appellant also did not follow her second-line supervisor's instruction on October 3, 2016, to log in to e-QIP to complete the required information by close of business on October 7, 2016. *Id.* at 15, 56. Thus, on December 21, 2016, the agency proposed to suspend the appellant for 14 days and, after considering her response, imposed the suspension from February 12-25, 2017. *Id.* at 4-13.

On February 27, 2017, the appellant's supervisor emailed the appellant requesting that she complete the required information in e-QIP by close of business on February 28, 2017. *Id.* at 105. The appellant responded that she had outstanding questions regarding the forms. *Id.* at 100-04.

On March 31, 2017, the Deputy Field Office Director proposed the appellant's removal for failure to comply with supervisory instructions on the basis that she failed to follow her second-line supervisor's instructions to complete the e-QIP questionnaire by close of business on February 28, 2017. IAF, Tab 8 at 38-41. The appellant submitted a written reply to the proposal. *Id.* at 33. On May 5, 2017, the agency imposed the removal. *Id.* at 27-32, 34-37.

The appellant filed the instant appeal challenging the removal. IAF, Tab 1. After conducting the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 24, Initial Decision (ID). She found that the agency proved its charge of failure to follow instructions; the appellant did not establish her affirmative defenses of discrimination on the bases of sex or national origin, equal employment opportunity (EEO) or whistleblower retaliation, harmful procedural error, or a violation of her right to due process; and the agency established that there was a

nexus between the appellant's misconduct and the efficiency of the service and that the penalty was reasonable.[2]  ID at 4-18.

The appellant has filed a petition for review, the agency has responded in opposition to the appellant's petition, and the appellant has replied.  Petition for Review (PFR) File, Tabs 3-6, 8-10.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved the charge of failure to comply with supervisory instructions to complete the information in e-QIP.</u>

On review, the appellant challenges the administrative judge's decision to sustain the charge of failure to follow supervisory instructions to complete the information in e-QIP.  PFR File, Tab 6 at 7-13.  Specifically, she asserts that she had valid questions as to why the agency sought to reinvestigate her and who had ordered the reinvestigation and that the agency did not provide her with a reasonable time to complete the necessary forms.  *Id.*  She also states that agency

---

[2] The appellant has not challenged the administrative judge's findings that the agency proved nexus, that the appellant did not prove harmful procedural error in the selection of the proposing official, and that the penalty was reasonable.  We see no reason to disturb these findings on review.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

[3] The appellant has submitted additional evidence on review in the form of multiple emails that are dated before she filed this appeal.  PFR File, Tabs 3-5, 10.  She also submitted one set of emails from June 2017, which was after she filed her appeal but before the record closed below, in which she inquired about the status of complaints that she made with OPR.  PFR File, Tab 5 at 260-65.  She notes that she brought a hard drive with this information to the hearing, but she did not present the evidence at that time.  PFR File, Tab 6 at 6.  The Board generally will not consider evidence submitted for the first time on review absent a showing of the following:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).  The appellant has not demonstrated that these documents were unavailable before the record closed below, and, even if she did, we would not consider them because they are not outcome determinative.

officials provided her some incorrect information about the investigation. *Id.* at 19.

We find that the appellant's arguments are unpersuasive because the agency gave her a valid instruction, and, even if it had not done so, she was not entitled to ignore the instruction. To prove a charge of failure to follow instructions, an agency must establish that (1) the employee was given proper instructions, and (2) the employee failed to follow the instructions, regardless of the employee's intent. *E.g.*, *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014).

We agree with the administrative judge that the agency provided a valid instruction, pursuant to its regulations, an Executive Order, and internal policy. ID at 5. As the administrative judge found, 5 C.F.R. § 731.106, Executive Order 13,488, and ICE policy require the agency to perform periodic reinvestigations of each ICE employee every 5 years. *Id.*; IAF, Tab 8 at 79, 86-88. The Office of Personnel Management conducted the appellant's last investigation and closed the investigation on June 13, 2006. IAF, Tab 12 at 41. Thus, when the agency sent the email to the appellant in August 2016, it had been more than 5 years since her last investigation. IAF, Tab 9 at 134-42. Accordingly, the agency provided a valid instruction to the appellant to provide the requested information in e-QIP.

Further, even if we did not find that the instruction was proper, we still would sustain the charge. The Board has held that an employee does not have the unfettered right to disregard an order, even if there is substantial reason to believe that the order is not proper. *See, e.g.*, *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 15 (2009), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010). Rather, except in certain limited circumstances wherein obedience would place the employee in a clearly dangerous situation, or when complying with the order would cause irreparable harm, the employee must first comply with the order and then register a complaint or grievance. *Id.* The appellant has not asserted that obeying the order to complete the necessary information in e-QIP would have

placed her in a clearly dangerous situation or that doing so would have caused her irreparable harm.[4]

Additionally, we find that her assertion that the agency did not provide her with sufficient time to complete the required information is without merit. Even if we disregard the fact that the agency initially requested that the appellant complete the required information in August 2016, we find that her supervisor provided her with sufficient time to complete the information when he emailed her in the morning on February 27, 2017, and instructed her to complete the information by close of business on February 28, 2017. IAF, Tab 9 at 105. Accordingly, we find that the agency proved its charge of failure to comply with supervisory instructions to complete the information in e-QIP. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶¶ 21-23 (2014) (sustaining the charge of failure to follow instructions when the appellant failed to provide the additional medical information that the agency requested as part of a periodic medical examination).

<u>We modify the initial decision to the extent that it found that the agency committed a procedural error in considering the appellant's prior discipline and find that, even if it did commit a procedural error, the error was not harmful.</u>

The appellant argues that the agency violated a prior settlement agreement when it described past discipline in the proposed removal. PFR File, Tab 6 at 15-17. The administrative judge found that, although it is undisputed that the agency erred in considering the appellant's prior discipline, the appellant has not

---

[4] Under 5 U.S.C. § 2302(b)(9)(D), it is a protected activity to refuse to obey an order that would require an individual to violate a statute. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 11. On June 14, 2017, the President signed the Follow the Rules Act (FTRA), Pub. L. No. 115-40, 131 Stat. 861 (2017), into law. The FTRA expanded the scope of the protections under section 2302(b)(9)(D) to include refusing to obey an order that would require the violation of a law, rule, or regulation. *Fisher*, 2023 MSPB 11, ¶ 12. This expansion does not apply here. The Board has determined that the expansion does not apply retroactively to events that occurred before it was enacted. *Id.*, ¶ 19. In any event, the appellant has not claimed that following the instruction to complete information in e-QIP required her to violate any statutes, rules, or regulations.

shown that this constituted harmful error or a violation of her right to due process. ID at 12-13. As discussed below, we disagree with the administrative judge to the extent that she found that the agency committed an error because we find that the agency did not improperly cite prior discipline. However, even if the agency had committed an error in citing the discipline at issue, the appellant has failed to prove that the agency committed a harmful procedural error.

We find that the agency did not commit an error when it cited the appellant's prior discipline in the proposal and removal decisions because a settlement agreement allowed it to do so. The record contains a March 2010 settlement agreement in which the parties agreed to expunge the evidence of a September 2009 removal action and replace it with a 14-day suspension. IAF, Tab 9 at 143-46. The parties also agreed in that settlement to demote the appellant from a law enforcement position to her previously held Enforcement and Removal Assistant position. *Id.* at 144. Although both the proposing and deciding officials considered the appellant's demotion, IAF, Tab 8 at 27, 40, this did not constitute the agency's considering the expunged removal. Accordingly, we find that the agency did not err by citing the demotion as prior discipline.[5]

Nevertheless, even if the agency committed an error by citing the appellant's prior discipline, including her removal, such an error was not harmful. It is well established that harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R.

---

[5] An agency may consider an employee's prior disciplinary record in determining whether an enhanced penalty for the current charge(s) against the employee is warranted. *See, e.g., Huettner v. Department of the Army*, 54 M.S.P.R. 472, 475 (1992). We find that the prior discipline at issue met the relevant *Bolling* criteria. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (explaining that the Board's review of a prior disciplinary action is limited to determining whether that action was clearly erroneous, if the employee was informed of the action in writing, if the action is a matter of record, and if the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline).

453, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant has failed to demonstrate how not citing her prior discipline would have changed the result in this case.[6]

<u>We agree with the administrative judge that the agency did not impose double punishment.</u>

The appellant also asserts that the agency improperly subjected her to "double jeopardy" by disciplining her multiple times for the same underlying misconduct. PFR File, Tab 6 at 14. It is true that an agency may not discipline an employee twice for the same misconduct. *See, e.g.*, *Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶ 6 (2015). However, if successive disciplinary actions have different bases, although they may be related, they are not barred from the prohibition against double punishment. *See Bowen*, 112 M.S.P.R. 607, ¶ 13.

Here, we agree with the administrative judge that the appellant committed separate instances of misconduct such that the agency properly took multiple adverse actions against her. ID at 14. The agency reprimanded the appellant for her failure to complete the required information by close of business on September 12, 2016. IAF, Tab 9 at 38-40, 60-61, 127-30. The agency proposed a 14-day suspension when she refused to complete the required information by close of business on October 7, 2016. *Id.* at 4-12, 15, 56. Finally, the agency imposed her removal on the basis of her failure to follow instructions to complete the required information by February 28, 2017. *Id.* at 100-05; IAF, Tab 8 at 27-41. Thus, the removal at issue here was in response to the latest instance of the appellant's refusal to complete the required information. Accordingly, we find that the agency did not discipline the appellant more than once for the same

---

[6] We find no reason to disturb the administrative judge's finding that the agency did not violate the appellant's right to due process through the deciding official's considering new and material ex parte information regarding the prior discipline. ID at 13; *see Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-90 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Even if the agency improperly considered the past discipline, the proposing official informed the appellant that it would be considered. IAF, Tab 8 at 40.

misconduct. *See Bowan*, 112 M.S.P.R. 607, ¶ 13 (finding that the agency did not subject the appellant to double punishment when it issued a letter of reprimand for one instance of refusing to use his Government credit card and imposed his removal based on his continued refusal to comply with orders to use the card and the fact that he closed the credit card account).

<u>The administrative judge properly concluded that the appellant did not prove that discrimination or EEO retaliation were motivating factors in her removal.</u>

The administrative judge determined that the appellant did not prove that her national origin, sex, or prior EEO activity were motivating factors in her removal. ID at 5-7. The parties do not challenge these findings on review.

Nevertheless, after the initial decision was issued in this case, the Board clarified the evidentiary standards and burdens of proof applicable to EEO discrimination and retaliation claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31. An appellant may prove a claim of discrimination or retaliation under Title VII by proving, as relevant here, that discrimination based on her national origin or sex, or retaliation based on her prior EEO activity, was a motivating factor in her removal. IAF, Tab 8 at 18-19, Tab 14 at 2; *see Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30 (citations omitted). An appellant may rely on any combination of direct or circumstantial evidence to prove her claim. *Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

Although the administrative judge did not have the benefit of the Board's decision in *Pridgen*, her analysis and findings regarding the appellant's EEO claims were consistent with that decision. She found no evidence that the agency treated other individuals who failed to follow supervisory instructions more favorably than the appellant, that the agency was dishonest as to the reasons for removing the appellant or generally treated employees outside of the appellant's protected groups more favorably, or of discriminatory or retaliatory comments. ID at 6-7; *see Pridgen*, 2022 MSPB 31, ¶ 24 (providing examples of potentially relevant circumstantial evidence of discrimination, such as ambiguous behavior or

comments directed at other employees in the protected group, comparator evidence, suspicious timing, or evidence that the agency's claimed reason for its actions is pretextual). She also noted that there was no evidence that the individuals who proposed and decided the appellant's removal had knowledge of her prior EEO activity. ID at 7. We discern no basis to disturb the administrative judge's consideration of this evidence or her well-reasoned conclusions.

<u>We modify the administrative judge's analysis of the appellant's whistleblower retaliation claim but agree with the administrative judge that the appellant is not entitled to corrective action.</u>

The appellant asserts that she had been assisting and cooperating with DOJ as it pursued litigation filed by a detainee, but that unusual events began to occur when, in August 2016, DOJ asked her to sign a protective order and she was hesitant to do so based on her concern that signing it could prejudice her rights to obtain certain documents. PFR File, Tab 6 at 22; IAF, Tab 7 at 5, 25-27. She also states that in February 2017 she sent a report to OPR because unusual issues had occurred since an initial report to that office in 2015. PFR File, Tab 6 at 23. The administrative judge found that the appellant did not show by preponderant evidence that her protected activities in contacting OPR, the Office of Special Counsel (OSC), the Office of the Inspector General (OIG), or DOJ were a contributing factor in her removal because she did not demonstrate that any of the officials involved in the action knew about her contacts with OPR, OSC, or OIG or that the DOJ attorneys had any connection with her periodic investigation or her removal. ID at 11-12. As discussed below, we modify the initial decision to find that the appellant's report to OPR and participation with DOJ did not constitute protected disclosures or activity and affirm the initial decision to the extent that it found that the appellant did not demonstrate that her disclosures to OIG and OSC were contributing factors to her removal.

In a removal appeal, an appellant's claim of whistleblowing reprisal is treated as an affirmative defense. 5 U.S.C. § 1221(e)(1)-(2),(i); *Ayers v.*

*Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015); 5 C.F.R. § 1201.56(c)(2). In such an appeal, once the agency proves its initial case, the appellant must show by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i),(B),(C), or (D), and that the disclosure or activity was a contributing factor in the agency's personnel action.[7] *Ayers*, 123 M.S.P.R. 11, ¶ 12; *Alarid*, 122 M.S.P.R. 600, ¶ 12. If the appellant establishes a prima facie case of whistleblower reprisal, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure or activity.[8] *Ayers*, 123 M.S.P.R. 11, ¶ 14; *Alarid*, 122 M.S.P.R. 600, ¶ 12.

> *We modify the initial decision to find that the appellant did not engage in protected activity with DOJ or OPR.*

To the extent that the appellant is asserting that she participated in protected activity with DOJ or OPR, we find that such activity is not protected. An activity is protected under 5 U.S.C. § 2302(b)(9)(A)(i) if the appellant claims retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation regarding a violation of 5 U.S.C. § 2302(b)(8). However, the Board has held that participation in a process that (1) does not constitute an initial step toward taking legal action against the agency for a perceived violation of employment rights, or (2) does not involve an entity that has the power to grant relief for any personnel action related to the investigation, is not included in these categories of activities. *See, e.g.*, *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶¶ 18-20 (2016). The appellant

---

[7] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[8] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e). It is a higher standard than preponderance of the evidence. *Id.*

participated in a detainee lawsuit with DOJ attorneys and made separate complaints to OPR about completing the information for her investigation. There is no evidence that the appellant's actions in this regard could have resulted in legal action against the agency or that the entities could have granted relief to her. We find that such participation is not protected activity.[9]  *Id.* (finding that the appellant's testimony before the Administrative Investigation Board, which collects and analyzes evidence to determine what actually happened and why it happened, so that individuals and systemic deficiencies can be identified and effectively corrected, was not protected under 5 U.S.C. § 2302(b)(9)(B) as testimony or other lawful assistance of another individual in the exercise of rights under 5 U.S.C. § 2302(b)(9)(A)(i), or (ii)).

> *We modify the initial decision to find that the appellant did not make a protected disclosure to DOJ or OPR.*

To the extent that the appellant is alleging that she made a protected disclosure to DOJ or OPR, we can find no such disclosure. A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). The appellant has not explained what disclosure she made to DOJ or OPR and how she reasonably believed that it evidenced one of these categories. Accordingly, we find that she failed to establish that the agency retaliated against her for assisting DOJ or sending a report to OPR.

---

[9] After the issuance of the initial decision, Congress passed section 1097(c)(1) of the National Defense Authorization Act of 2018, Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017), which amended 5 U.S.C. § 2302(b)(9)(C) to provide protections for individuals who cooperate or disclose information to an agency "component responsible for internal investigation or review." However, as we found in *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33, this amendment is not retroactive. Accordingly, the Board does not have jurisdiction over the appellant's claim to the extent that she is arguing that the agency retaliated against her for her activity with DOJ or OPR.

*The appellant's disclosures to OSC and OIG were not a contributing factor in her removal.*

The administrative judge found that the appellant did not prove that protected activity was a contributing factor in her removal under the knowledge/timing test. ID at 11-12. Although the appellant does not explicitly challenge this finding on review, we supplement the administrative judge's findings. One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which he submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen*, 2022 MSPB 31, ¶ 63.

Under the version of 5 U.S.C. § 2302(b)(9)(C) in effect at the time of the removal action, *see supra* p. 12 n.9, it is a prohibited personnel practice to "take or fail to take, or threaten to take or fail to take, any personnel action" against an individual for "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law." The appellant stated that she had a phone interview with OSC on November 1, 2016, and that she later submitted documents to that office regarding her September 2016 reprimand and the agency's continuing to order her to complete the e-QIP. IAF, Tab 7 at 81-82; ID at 10. She also stated that she contacted OIG on December 22, 2016, and tried to follow up in January 2017. *Id.* at 16. However, she has not shown that any officials involved in her investigation or removal became aware of her disclosures to OSC and OIG. In fact, the administrative judge found credible the testimony of the proposing official and the Supervisory Personnel Security Specialist involved in the background investigation, who both denied that they had any knowledge of the appellant's communications with OSC and OIG. ID at 9. Accordingly, we find no reason to disturb the administrative judge's finding that the appellant failed to

establish the contributing factor standard under the knowledge/timing test. ID at 11-12.

The Board has held that if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). To the extent that the administrative judge did not consider this evidence, we do so here, but still find no reason to disturb the administrative judge's finding that the appellant failed to meet the contributing factor standard with respect to her communications with OSC and OIG.

As discussed above, we agree with the administrative judge's finding that the agency presented strong evidence that it gave a valid instruction to the appellant to provide the requested information in e-QIP and that the appellant failed to do so, especially considering that the appellant had previously been reprimanded and suspended for failing to complete the same required information on separate occasions. ID at 4-5.

The appellant has not alleged or provided any evidence that she named or implicated the officials who proposed and decided to remove her in her OSC and OIG complaints. Nonetheless, an appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). The U.S. Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of

the improper animus when implementing a personnel action. *Id.* (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 415-16, 421-22 (2011)).

Here it is unclear what the nature of the appellant's disclosures were, such that we can infer any retaliatory motive. The appellant generally alleged that her communications with OIG or OSC concerned her reprimand and being ordered to complete the e-QIP. IAF, Tab 7 at 81-82; ID at 10. Her second-level supervisor ordered her to complete the e-QIP information underlying her removal. IAF, Tab 9 at 21-22, 105. Also, the same Supervisory Personnel Security Specialist was responsible for the reinvestigation that led to the reprimand and removal. IAF, Tab 8 at 39, 55. Thus, the actions of these individuals led to the appellant's ultimate removal. Nevertheless, even if we assume that the appellant complained that her second-level supervisor and the Supervisory Personnel Security Specialist engaged in wrongdoing by instructing her to complete the e-QIP information and disciplining her for failing to do so, there is no information as to whether she named these officials to OSC or OIG or exactly what she stated regarding their actions.

Further, the administrative judge credited the Supervisory Personnel Security Specialist's testimony that he did not know the appellant or harbor any bias towards her, that the appellant's local management had no input into her selection for reinvestigation, that no one requested that the Personnel Security Unit reinvestigate her, and that she was selected for reinvestigation based on the amount of time that had lapsed since her last investigation. ID at 10-11. Indeed, the fact that the appellant had previously been reprimanded for not providing requested information in e-QIP in September 2016, prior to her November 2016 OSC contact and December 2016 OIG contact, is further evidence that her complaints were not a contributing factor in her removal. IAF, Tab 9 at 38. Thus, we find no reason to disturb the administrative judge's finding that the appellant failed to meet the contributing factor standard. ID at 11-12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to

disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

For the first time on review, the appellant asserts that the agency violated her rights under the First Amendment by not allowing her to present questions about the reinvestigation. PFR File, Tab 6 at 10-11. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence, and the appellant has made no such showing.[10] *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant's remaining arguments—such as that the agency treats her unfairly for not being in a clique and because of favoritism by supervisors, and that there were issues with her time and attendance—do not provide a reason for disturbing the initial decision. PFR File, Tab 1 at 25-27.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[10] However, even if we did consider this argument, we would find that the agency did not violate her rights. In addressing the issue of whether employee speech is protected by the First Amendment, the Board must determine the following: (1) whether the speech addressed a matter of public concern; and, if so, (2) whether the agency's interest in promoting the efficiency of the service outweighs the employee's interest as a citizen. *Smith v. Department of Transportation*, 106 M.S.P.R. 59, ¶¶ 46, 49 (2007). The appellant has not alleged that her speech addressed a matter of public concern.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.